Mr. Justice Jambs
delivered the opinion of the court:
It appears in this case that in a certain chancery suit the plaintiff, Phillips, was appointed receiver of the property involved therein, with direction “ that the said receiver, before proceeding to act as such, file in this court his bond with surety to be approved by the court.” Without filing his bond as required he called upon Mr. Smoot, who was in possession of the premises, to attorn to him, saying that if he did not he would turn him out. Thereupon an arrangement was made by which Smoot was to pay $166.66f- per month rent and to take a lease, which was dated the 13th of November, 1874. That lease runs in the following words:
“This indenture made this 13th day of November, A. D.} 1874, between George W. Phillips, receiver in a cause pending in the Supreme Court of the District of Columbia, numbered 4002, Equity Doe., of the first part; and Samuel S. Smoot, of the city of Washington, District aforesaid, of the second part, witnesseth that the said party of the first part hereby leases to the said party of the second part, the premises numbered 211 Eour-and-half street, northwest, in said city of Washington, at a monthly rental at the rate of $166.66f, to be paid on the last day of each calendar month so long as said renting shall continue.
“ In case the said rent, or any monthly payment of the same shall not he paid punctually on the day when the same shall become due, but shall remain due and unpaid five days after the same shall become due, then at the option of the lessor^ this lease shall at once cease and determine and the said receiver shall enter without previous notice of any sort, all such being hereby waived. The said party of the second part hereby agrees to pay the rent above reserved promptly as the same shall become due, and consents to the forfeiture and re-entry hereinbefore provided for at the option of the lessor in case of default in payment of said rent.
*485 “ It is understood by all parties that this lease shall commence from the date of this indenture this 18th day of November, 1874.
“ Samuel S. Smoot, (Seal.)
“ G-. W. Phillips, Receiver. (Seal.)
“ Chas. H. "Winder, Witness.
Mr. Phillips required that Smoot should give security. On the same paper, therefore, with this lease the defendant Shepherd signed the following :
“I, Alexander R. Shepherd, of the city of Washington, D. of C., in consideration of the letting aforesaid, do hereby assure and guarantee to the lessor named in said lease the prompt payment of the rent reserved therein, and in case the same is not paid by the lessee, I hereby make myself responsible for the same, and I consent that the clause therein providing for a forfeiture shall apply at the option of the lessor and at his option only.”
This is simply signed Alex. R. Shepherd, with a witness.
That paper itself is not separately dated, while the lease, just below the foot of which this paper of Shepherd’s is written, is dated November 18th, 1874. It was proved that the signature of Shepherd was made on the same day with the other. The plaintiff has joined these two parties as joint obligors, and has set forth that Shepherd, by a deed of a certain date, given plaintiff, undertook as that paper sets forth.
The first question presented, is whether this .paper conforms to the description in the declaration. The plaintiff testifies that it is a paper dated the 13th of November, 1874. Unless it is so dated, under a proper construction of these two papers, it is not the paper declared on. We are unanimously of opinion that these are separate instruments. They are signed, one by Smoot and the other by Shepherd.’ And although Smoot’s paper is dated, the other is not, for, being a paper containing a signature of another party, and being an instrument of itself, it does not take its date from *486 the former.- Nor does not in its terms embody the other in such a way as to show that it is part of that other. It refers to another paper and adopts some of its terms, but we do nt»t think that makes it the same instrument, any more than a page which refers to some other page is a part of the page referred to. It was error, therefore, to admit it in evidence.
There is another point to which we might speak as we have no doubt on the subject. It is the question as to the right of the receiver to maintain his action as landlord.
It is claimed that inasmuch as Smoot took possession under this alleged .lessor he is estopped to deny title. We are of opinion that until the receiver had given his bond he had, as against Smoot, no- right of possession.
; The court directed that the receiver should take away-Smoot’s possession and hold the property for the court. Until his possession should be taken away, in strict pursuance of that order, he was rightfully in possession. Therefore, when the receiver demanded of Smoot that he attorn to him, he made the demand upon a man who was there claiming to be in possession of his own right. lie could not be displaced until the order .of the court appointing the receiver was complied with, to wit, that before the receiver should act as such he should give bond.
That being their situation, the receiver, having given no bond, had no legal right to the possession, and the defendant being in possession as of his'own right when that demand was made on him, it cannot be said, in law, that in making this lease he took possession under the receiver ; all he did was to use words, he did no act. We do not think that the circumstances of this case bring it within that well-known class of cases which declare that if a person goes into possession under another he cannot deny his title.
The result of our conclusion is, that the judgment must be reversed and the case remanded.